UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN NEUFELD, et al.,<br>Plaintiff(s),<br>v.<br>DOLLAR TREE STORES, INC.,<br>Defendant(s). | CASE NO. C26-5160-KKE<br><br>ORDER DENYING MOTION TO REMAND |

This matter comes before the Court on Plaintiffs Steven and Gail Neufeld's motion to remand this case to state court. Dkt. No. 17. The Neufelds contend that Defendant Dollar Tree Stores, Inc. failed to timely remove this action within 30 days of being served with the summons and complaint because of a notice of filing deficiency issued by the Clerk's Office concerning Dollar Tree's compliance with a local rule of this Court. Finding that Dollar Tree timely removed this case under the federal removal statute, the Court will deny the Neufelds' motion.

## I. BACKGROUND

The Neufelds originally filed this personal injury lawsuit in Pierce County Superior Court. Dkt. No. 1-3. On January 23, 2026, they served Dollar Tree with the summons and complaint. *See* Dkt. No. 2-1, Dkt. No. 18 ¶ 8. Dollar Tree filed a notice of removal on February 20, 2026, removing the case to this Court based on diversity jurisdiction and attaching the summons and complaint. Dkt. No. 1; *see also* 28 U.C.S. § 1332. Concurrently, Dollar Tree filed a declaration

by its counsel, attaching the certificate of service of the summons and complaint, two administrative orders from the Superior Court, and Dollar Tree's notice of appearance in state court. Dkt. Nos. 2, 2-1, 2-2, 2-3, 2-4. Dollar Tree's counsel declared that "[t]hese documents …, taken together, constitute all process, pleadings and orders served on the Defendant in the state court action up to the present date." Dkt. No. 2 ¶ 5.

On February 23, 2026, the Clerk's Office issued a notice of filing deficiency regarding the notice of removal, which stated:

> Notice of Removal − Verification of State Court Records Not Provided
>
> Pursuant to Local Civil Rule 101(b)(5), the removing Defendant(s) must file contemporaneously with the notice of removal, all additional records and proceedings in state court, with Defendant(s)' or defense counsel's verification they are true and complete copies of all records. Please file as soon as practicable by going to Other Documents and selecting Verification of State Court Records.

Dkt. No. 11. Responding to this notice, Dollar Tree's counsel filed a second declaration on March 13, 2026. Dkt. No. 14. Counsel referred to her earlier declaration and stated, "the documents filed … in connection with Defendant's Notice of Removal, including the state court records attached as Exhibits A–F to my February 20, 2026 Declaration, are true and complete copies of all records and proceedings in the state court action at the time of removal." *Id.* ¶¶ 2, 5. Counsel further stated "that no substantive changes were made to those records since they were originally filed with the Court on February 20, 2026." *Id.* ¶ 6. Counsel's declaration and the accompanying certificate of service were erroneously dated February 13, 2026, rather than March 13. Dkt. No. 14 at 2, 4.

The Neufelds moved to remand the action to state court under 28 U.S.C. § 1447(c), arguing that Dollar Tree's notice of removal was untimely because its counsel's second declaration was filed more than 30 days after service of the summons and complaint. Dkt. No. 17. That motion is

now fully briefed. Dkt. Nos. 19, 22. The Court finds oral argument unnecessary, and the motion is ripe for consideration.

## II. DISCUSSION

### A. Legal Standard for Remand

A party may remove a state court action to federal district court under 28 U.S.C. § 1441 if the action could have originally been filed in federal court. *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1091 (9th Cir. 2025) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)); 28 U.S.C. § 1441(a). If the district court determines, after removal, it lacks subject matter jurisdiction, it must remand the case back to state court. 28 U.S.C. § 1447(c). As a general rule, courts apply a "strong presumption" against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990)). Thus, courts "strictly construe[]" removal statutes, "and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)).

### B. Dollar Tree's Removal Was Timely.

The federal removal statute requires a "notice of removal of a civil action or proceeding" to "be filed within 30 days after" the earlier of (1) "receipt by the defendant … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or (2) "service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant[.]" 28 U.S.C. § 1446(b)(1). The parties agree that service of the summons and complaint occurred on January 23, 2026, such that the notice of removal was due 30 days later, on February 22, 2026. Dkt. No. 17 at 2, Dkt. No. 19 at 1.

The Neufelds argue that, because Dollar Tree failed to file a verification of state court records contemporaneously with the notice of removal, as required by Local Civil Rule 101(b)(5), and did not do so until March 13, 2026, the removal was untimely. Dkt. No. 17 at 4–5. But the Neufelds cite no authority suggesting that the Court's local rules somehow alter the statutory requirements for removal jurisdiction or create their own jurisdictional requirements. Instead, they largely rely on the general presumption against removal to support their motion. *Id.*; Dkt. No. 22 at 2–4.

The removal statute requires that a notice of removal meet three requirements: (1) it must be "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure"; (2) it must contain "a short and plain statement of the grounds for removal"; and (3) it must be accompanied by "a copy of all process, pleadings, and orders served upon the defendant in the action." 28 U.S.C. § 1446(a). Dollar Tree's removal notice and its accompanying declaration met all three requirements. Dkt. Nos. 1, 2. This Court's local rules also require a removing defendant to contemporaneously file "copies of all additional records and proceedings in the state court" and a verification "that they are true and complete" copies. Local Rules W.D. Wash. LCR 101(b)(5). But "filing requirements dictated by local rules are not jurisdictional" and do not divest the court "of the jurisdiction afforded to it by Congress." *Klemm v. Astrue*, 543 F.3d 1139, 1143 (9th Cir. 2008) (first citing *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 280 (9th Cir. 1983) and then citing *Cintron v. Union Pac. R.R. Co.*, 813 F.2d 917, 920 (9th Cir. 1987)). Any violation here was slight: In her first declaration, Dollar Tree's counsel stated that the filed state court records constituted "all process, pleadings, and orders *served on* the Defendant"—rather than all records and proceedings *in* the state court (whether served or not), as the local rules specify. *Compare* Dkt. No. 2 ¶ 5 (emphasis added) *with* LCR 101(b)(5). That deficiency has now been cured and is, in any event, not jurisdictional.

Because Dollar Tree filed a notice of removal meeting the requirements of 28 U.S.C. § 1446(a) within 30 days of being served the summons and complaint, removal in this case was timely.

## III. CONCLUSION

Plaintiffs Steven and Gail Neufeld's motion to remand (Dkt. No. 17) is DENIED.

Dated this 26th day of August, 2026.

Kymberly K. Evanson
United States District Judge